## CLARK v. GREELEY.

In an action to recover the price of goods sold but not delivered, it must appear that the vendor is ready to deliver the goods upon payment of the price, or that he is in no fault for not being able to deliver them.

ASSUMPSIT, to recover for goods sold. Facts found by a referee. The plaintiff made an auction in April, 1880, at which the defendant bid off the property named in the specification at the prices therein designated. He has never paid for the same, nor taken the property away. The defendant claimed that the plain-

tiff was owing him about $50 for some wood. This claim the plaintiff denies. At a previous auction of the plaintiff, in the fall of 1879, the defendant bid off some property of less amount and value than the amount of his claim against the plaintiff, for which he has never paid, claiming that he had the right to set it off as a payment by her *pro tanto* of his claim against her. The plaintiff was and is a person in good credit, and able to pay her debts. The defendant went to the auction in April, for the purpose of buying property to satisfy his claim against the plaintiff. The auctioneer set up the property at auction, previously stating, in the defendant's presence, that the property was to be sold for cash down, as the plaintiff was about to leave town. The stove was sold with the reservation that it was to remain in the house a few days for the use of the plaintiff's family. The defendant, having his account book with him, went into the house immediately after the sale and told the plaintiff he was ready to settle his account. She said the terms of the auction were cash down, and she was going to have the money for the articles he had bought. The defendant refused to pay for them, but claimed the right to take away the property. He then went out, intending to take away the carriage and sleighs, but could not find them. The defendant is a person in good credit, and able to pay his bills. The next morning the defendant learned that the property which he had bid off had since been attached on two writs against the plaintiff. He then brought a suit upon his previous claim against the plaintiff, and attached the property which he had bid off at the auction, his attachment being made and returned subject to the two prior attachments. The three writs against the plaintiff are still pending. The court ordered judgment on the report for the defendant, and the plaintiff excepted.

*Barnard & Barnard*, for the plaintiff.

*E. B. S. Sanborn*, for the defendant.

CLARK, J. To maintain an action for goods bargained and sold, the contract of sale must be so far completed as to vest the title in the buyer. As between the parties, delivery is not essential to a completed sale, except when required by the statute of frauds. As a general rule, under a contract of sale of specific chattels at a stipulated price, when nothing remains to be done to designate the property sold or the price to be paid, the title, independently of the statute of frauds, immediately vests in the buyer, and a right to the price in the seller, unless it can be shown that such was not the intention of the parties. *Clark* v. *Draper*, 19 N. H. 419, 421; *Bailey* v. *Smith*, 43 N. H. 141, 143; *Townsend* v. *Hargraves*, 118 Mass. 325, 332; *Phillips* v. *Moor*, 71 Me. 78; *Dixon* v. *Yates*, 5 B. & Ad. 313, 340. Although the title passes so as to subject the buyer to the risk of future injury to the property, the right of pos-

session does not pass but is dependent upon the payment of the price. In the absence of any agreement, payment and delivery are to be concurrent acts, and the seller has the right to retain the possession until the price is paid. Upon proof of a readiness to deliver the goods the seller may maintain an action for the price, and upon a tender of the price the buyer may maintain an action for the goods.

A sale of chattels may be conditional. The payment of the price may be made a condition precedent to the transfer of the title, and in such a case the property will not pass although the goods are delivered. A sale for cash is not necessarily a conditional sale. *Scudder* v. *Bradbury*, 106 Mass. 422. The phrases " terms cash" and "cash down" may or may not import that payment of the price is made a condition precedent to the transfer of the title, according to the intent of the parties. If by the use of these terms the parties understand merely that no credit is to be given, and that the seller will insist on his right to retain the possession of the goods until the payment of the price, the sale is still so far completed and absolute that the property passes; but if it is understood that the goods are to remain the property of the seller until the price is paid, the sale is conditional and the title does not pass.

In the present case the sale was by auction and the terms were "cash down." When the auctioneer's hammer fell nothing remained to be done to designate the property sold or to put it in condition for delivery, and the title passed immediately to the defendant unless the parties intended otherwise. The question of intention is one of fact, which the referee has determined by his general finding in favor of the plaintiff. If a formal offer to deliver the goods would ordinarily be required before an action for the price could be maintained, the absolute refusal of the defendant to pay rendered an offer unnecessary in this case (*Haines* v. *Tucker*, 50 N. H. 307) ; and if no other facts appeared, the plaintiff would be entitled to judgment. It must appear not only that the plaintiff was ready to deliver the property upon payment of the price when her suit was commenced, but that she is still ready to deliver it, or is in no fault for not being able to do so. She is warrantor of the title, and if the title fails she cannot recover the price. The case finds that the goods bid off by the defendant were attached by the creditors of the plaintiff. If the attachment put it out of her power to deliver the goods, she cannot recover in this action; if she could, the defendant could immediately recover it back of the plaintiff as warrantor. It is suggested that this question does not arise in respect to the stove. If the case is amended to show that fact, the exceptions must be sustained as to the stove and overruled as to the other articles.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.